IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TANYA GILBERT<br>1072 Alcott Street<br>Philadelphia, PA 19149<br><br>Plaintiff,<br><br>v.<br><br>ANN'S CHOICE, INC. d/b/a ANN'S CHOICE<br>10000 Ann's Choice Way<br>Warminster, PA 18974<br><br>Defendant. | CIVIL ACTION<br><br>No. _____<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Tanya Gilbert (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Ann's Choice, Inc. d/b/a Ann's Choice (hereinafter referred to as "Defendant") of Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000e, et. seq.), and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

---

[1] Plaintiff intends to amend her instant lawsuit to include claims under the PHRA once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC").

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC").  Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing and dual-filing her Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7. Plaintiff is an adult who resides at the above-captioned address.

8. Ann's Choice, Inc. d/b/a Ann's Choice, a Pennsylvania corporation, is a senior living facility located at the above-captioned address.

9. At all times relevant herein, Defendant acted through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

11. Plaintiff was employed by Defendant for approximately 1.5 years, from in or about June 24, 2023, until her unlawful termination (discussed further *infra*) on or about October 11, 2024.

12. Plaintiff was hired by Defendant for the position of Complementary and Alternative Medicine ("CAM") nurse.

13. At the time of Plaintiff's hire, Defendant was aware that Plaintiff still needed her CAM certificate, as she worked with Defendant to obtain the necessary qualifications by attending classes.

14. Plaintiff was primarily supervised by Assisted Living Manager, Pamela Warner (Caucasian, hereinafter "Warner"). Additionally, at all times relevant herein, Defendant's Human Resources ("HR") Manager was Irene Ofori (Black/African – from Ghana, hereinafter "Ofori").

15. Throughout her employment with Defendant, Plaintiff was a hard-working employee who performed her job well.

16. Plaintiff is a Black (African American) female, and during her employment with Defendant, she was subjected to disparate and discriminatory treatment because of her race and/or national origin.

17. The majority of the employees at Defendant's Warminster, Pennsylvania facility were of Haitian and/or African descent (from Ghana and/or other African countries) while African American employees comprised only about 20-30%, and Caucasian employees about 10-15%.

18. Upon Plaintiff's observations and belief, Haitian and/or African employees were treated more favorably than non-Haitian, African American, or Caucasian/American employees, who were subjected to disparate, discriminatory, and hostile treatment by management and HR. For example, but not intended to be an exhaustive sample:

3

a. Warner, Ofori, and other members of management treated Plaintiff and other non-Haitian and/or non-African employees in a rude and condescending way, regularly talking down to them;

b. A Haitian employee, Care Associate, Carleigh (last name unknown, hereinafter "Carleigh") mocked Plaintiff about her dietary choices, including by stating "yeah, yeah, yeah, we know you don't eat meat"; however, Carleigh did not make any picky or harassing comments like this to Haitian and/or African employees for their personal meal choices and/or cultural preferences;

c. There was a clear pattern of selective enforcement of policies toward non-Haitian and/or non-African employees, including Plaintiff (*i.e.,* if a African-American individual made a single mistake passing medication or failing to do the same, they were immediately terminated, while Haitian and African employees, including but not limited to one employee named Rose (Haitian and/or non-African American, hereinafter "Rose") were given multiple chances or allowable mistakes (4 in the case of Rose) before being terminated); and

d. Non-Haitian and/or non-African employees were regularly provided with unfair discipline or pretextual admonishment, while Haitian employees were not disciplined for the same or similar issues (*i.e.,* in multiple cases of he said/she said incidents with staff, Haitian and/or African employees were almost always retained, while African American employees were regularly terminated without further discussion). In fact, at least one employee had stated to Plaintiff, "whenever a African American and Haitian and/or African employees go into the office for any issues, the African American person always gets fired."

4

19. Additionally, on or about September 28, 2024 (less than two weeks prior to Plaintiff's termination), Plaintiff filed a complaint with Warner and Ofori about the hostility she was experiencing by Defendant's Care Associates, Mary Nicolas (African – hereinafter "Nicolas") and Carleigh.

20. Specifically, Nicolas had hostilely screamed at Plaintiff within inches of her face without provocation for nonsensical reasons, which upon information and belief, is in direct violation of Defendant's workplace conduct policies.

21. However, in response to Plaintiff's complaint, on or about October 3, 2024, Ofori informed Plaintiff that *she* was being placed on a formal suspension pending an investigation into Nicolas' actions and hostility.

22. Thereafter, to Plaintiff's surprise, on or about October 11, 2024, Ofori informed Plaintiff that the investigation was closed and that she was being terminated, while Nicolas (African) retained her job, despite being the aggressor.

23. Plaintiff was never interviewed or questioned, despite an alleged investigation having occurred, which was particularly confusing and concerning to Plaintiff as she did not instigate or provoke the alleged incident.

24. It was well known within Defendant that a group of Haitian and/or African employees, including Nicolas, were responsible for routinely filing manufactured complaints against other non-Haitian and/or non-African employees in an effort to get them terminated – and Ofori (African) routinely sided with Haitian and/or other African employees for no legitimate reason.

25. For example, upon information and belief, Wilson (last name unknown, hereinafter "Wilson") a Black (African American) employee with over a decade of employment and no prior

5

history of misconduct or disciplinary actions, was terminated shortly after a complaint was filed against him by Haitian and/or African employees.

26. Wilson's aforesaid termination occurred despite the absence of a proper and thorough formal investigation, with the African employee's (Nicolas') account of the interaction being accepted as fact, even though the employees involved did not work together.

27. Plaintiff was terminated without cause, despite that Nicolas was the aggressor and that Ofori herself admitted in a letter to Plaintiff dated October 10, 2024, "[w]e could confirm that Mary [Nicolas] engaged in a non-values based behavior when she inserted herself into the conversation and was in your face during the interaction." Nonethless, while Plaintiff was terminated, Nicolas retained her employment with Defendant.

28. Despite having no prior disciplinary record, Plaintiff was singled out, whereas Nicolas faced minimal to no consequences for her actions, because Defendant, in particular Ofori, favored Haitian and/or African employees, desiring to retain them over non-Haitian and/or non-African employees.

29. Plaintiff believes and therefore avers that she was subjected to a hostile work environment and terminated because of her race, ancestry, ethnicity and/or national origin (in particular for being non-Haitian and/or non-African).

### COUNT I
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
**([1] Race/National Origin Discrimination; and [2] Hostile Work Environment)**

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. During Plaintiff's employment with Defendant, she was subjected to discrimination through verbal reprimands, and derogatory and disparate treatment because of her race and national origin.

6

32. Plaintiff was then abruptly terminated on or about October 11, 2024, for completely pretextual reasons.

33. Plaintiff believes and therefore avers that she was really subjected to a hostile work environment because of her race and/or national origin, and for being non-Haitian and/or non-African.

34. Plaintiff also believes and therefore avers that her race and/or national origin were motivating and/or determinative factors in Defendant's termination of her employment.

35. These actions as aforesaid constitute unlawful discrimination and a hostile work environment under Title VII.

**COUNT II**
**Violations of 42 U.S.C. Section 1981**
**([1] Race, Ancestry and Ethnic Discrimination; and [2] Hostile Work Environment)**

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. During Plaintiff's employment with Defendant, she was subjected to discrimination through verbal reprimands, and derogatory and disparate treatment because of her race, ethnic and ancestral characteristics, and for being non-Haitian and/or non-African.

38. Plaintiff was abruptly terminated on or about October 11, 2024, for completely pretextual reasons.

39. Plaintiff believes and therefore avers that she was really subjected to a hostile work environment because of her race, ancestry, and ethnicity, and for being non-Haitian and/or non-African.

40. Plaintiff also believes and therefore avers that but for her race, ancestry, and ethnicity (and for being non-Haitian and/or non-African) she would not have been terminated from her employment with Defendant.

41. These actions as aforesaid constitute unlawful discrimination and a hostile work environment under Section 1981.

## COUNT III
### Violation of the Pennsylvania Wage Payment Collection Law ("WPCL")
### (43 P.S. §§ 260.3(a)-(b))
### (Failure to Pay All Wages)

42. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43. Plaintiff had an agreement with Defendant whereby Defendant agreed to compensate Plaintiff for services she performed during her employment.

44. Defendant had a policy of and, in fact, Defendant's HR, Ofori, informed Plaintiff that she would be paid double her hourly rate for all holidays worked.

45. Plaintiff's hourly rate was $22.78, and she worked approximately 3-4 holidays for Defendant during her employment that, upon information and belief, she was not paid double her hourly rate for.

46. Defendant failed to compensate Plaintiff for all wages owed during her employment with Defendant.

47. Plaintiff performed the agreed-upon services for Defendant, and Defendant failed to properly compensate Plaintiff for the services rendered as specified by the Parties' employment agreement (included but not limited to paying Plaintiff double her hourly rate for all holidays worked).

48. These actions as aforesaid constitute violations of the Pennsylvania Wage Payment and Collection Law.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.      Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law;

F.      Plaintiff is to be awarded any and all statutory enhancements available as a matter of law; and

G.      Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801

Dated: May 2, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Tanya Gilbert | : | CIVIL ACTION |
| v. | : | |
| Ann's Choice, Inc. d/b/a Ann's Choice | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| 5/2/2025 | *[signature]* | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Defendants place of business_____

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| GILBERT, TANYA | ANN'S CHOICE, INC. D/B/A ANN'S CHOICE |
| **(b)** County of Residence of First Listed Plaintiff: Philadelphia *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant: Bucks *(IN U.S. PLAINTIFF CASES ONLY)* NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*     Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 550 Civil Rights [ ] 555 Prison Condition [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Section 1981 (42USC1981); Title VII (42USC2000)

Brief description of cause:
Violations of Section 1981, Title VII and the PHRA.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $**
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*     JUDGE _____     DOCKET NUMBER _____

DATE: 5/2/2025     SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE